01419/30489/PJF                                                    Attorney # 42472

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| D. JEAN ORTEGA-PIRON, as guardian and next ) <br> friend of B.B., D. JEAN ORTEGA-PIRON, as ) <br> guardian and next friend of R.E., D. JEAN ORTEGA- ) <br> PIRON, as guardian and next friend of Z.P., and ) <br> MEGAN GEISLER ) <br> ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> COUNTY OF JEFFERSON, ILLINOIS, ) <br> JEFFERSON COUNTY SHERIFF'S ) <br> DEPARTMENT, JEFFERSON COUNTY SHERIFF ) <br> ROGER MULCH, individually and/or in his official ) <br> capacity as Sheriff of Jefferson County, DEPUTY ) <br> DAVID BOWERS, individually, DEPUTY LONNIE ) <br> LAWLER, individually. ) <br> ) <br> Defendants. ) | No. **09-497-MJR** <br><br> PLAINTIFF DEMANDS TRIAL BY JURY |

## COMPLAINT AT LAW

Plaintiffs D. JEAN ORTEGA-PIRON, as guardian and next friend of B.B., D. JEAN ORTEGA-PIRON, as guardian and next friend of R.E., D. JEAN ORTEGA-PIRON, as guardian and next friend of Z.P, and MEGAN GEISLER (collectively "Plaintiffs"), by their attorneys GLOOR LAW GROUP, LLC, complaining of Defendants COUNTY OF JEFFERSON, ILLINOIS, JEFFERSON COUNTY SHERIFF'S DEPARTMENT, JEFFERSON COUNTY SHERIFF ROGER MULCH, DEPUTY DAVID BOWERS, and DEPUTY LONNIE LAWLER (collectively "Defendants"), state as follows:

**Introduction**

1.  Plaintiffs bring this action against Defendants for damages arising out of the excessive use of force, unconstitutional policies and other actions, and common law claims arising out of an incident that occurred on July 4, 2008.

2.  Plaintiffs bring this action against Defendants to redress the deprivation of rights secured plaintiff by the Fourth, and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, and the common law.

**Jurisdiction**

3.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, and 1343.

4.  Plaintiffs also invoke supplemental jurisdiction of this Court over Plaintiffs' state claims against Defendants for common law violations pursuant to 28 U.S.C. § 1367 as the common law claims form part of the same case or controversy.

5.  Venue is proper in this District pursuant to 28 U.S.C. § 1391.

**Parties**

6.  D. JEAN ORTEGA-PIRON is the Guardianship Administrator for the Illinois Office of the Public Guardian.

7.  B.B. is a minor and a ward of the State of Illinois.  B.B. is a resident of the City of Mount Vernon, State of Illinois and the United States of America.

8.  Z.P. is a minor and a ward of the State of Illinois.  Z.P. is a resident of the City of Mount Vernon, State of Illinois and the United States of America.

9.  R.E. is a minor and a ward of the State of Illinois.  R.E. is a resident of the City of Chicago, State of Illinois and the United States of America.

10. MEGAN GEISLER is a resident of the City of Marion, State of Illinois, and the United States of America.

11. Defendant COUNTY OF JEFFERSON, ILLINOIS, operates and governs the JEFFERSON COUNTY SHERIFF'S DEPARTMENT pursuant to the laws of Illinois.

12. Defendant JEFFERSON COUNTY SHERIFF ROGER MULCH was the Sheriff of Jefferson County at all times relevant to this Complaint.

13. DEPUTY DAVID BOWERS and DEPUTY LONNIE LAWLER were Deputies employed by the JEFFERSON COUNTY SHERIFF'S DEPARTMENT at all times relevant to this complaint.

14. DEPUTY DAVID BOWERS and DEPUTY LONNIE LAWLER are still Deputies employed by the JEFFERSON COUNTY SHERIFF'S DEPARTMENT.

15. At all pertinent times, DEPUTY DAVID BOWERS, DEPUTY LONNIE LAWLER, and JEFFERSON COUNTY SHERIFF ROGER MULCH acted under color of law, of a statute, ordinance, regulation, custom, or usage of the State of Illinois, and/or the Defendant Jefferson County Sherriff's Department.

## Facts

16. The Southern Thirty Adolescent Center ("STAC") is a youth residential living facility located at 17077 N. IL. Highway 37, Mt. Vernon, Illinois, 62864.

17. STAC houses various wards of the State of Illinois between the ages of ten (10) and eighteen (18) years old.

18. On July 4, 2008, and at all relevant times hereto, Plaintiffs were enrolled in the STAC program. Plaintiffs Z.P., B.B., and R.E. lived on-site while Plaintiff MEGAN GEISLER lived off-site with a foster family.

19. On or about July 4, 2008, STAC housed and/or cared for additional minor children in addition to Plaintiffs.

20. Three of these minor children were J.S. (then 11 years old), L.S. (then 12 years old), and P.V. (then 12 years old).

21. On or about July 4, 2008, DEPUTY DAVID BOWERS and DEPUTY LONNIE LAWLER were dispatched to STAC following a call that J.S., L.S., and P.V. were running around the common area of STAC, acting out.

22. DEPUTY DAVID BOWERS and DEPUTY LONNIE LAWLER arrived at STAC on July 4, 2008 on or around 9:50pm.

23. When DEPUTY DAVID BOWERS and DEPUTY LONNIE LAWLER arrived, they learned from STAC staff that J.S., L.S., and P.V. were acting out of control.

24. When DEPUTY DAVID BOWERS and DEPUTY LONNIE LAWLER arrived, they did not learn from STAC staff that Plaintiffs were acting out of control.

25. Without any physical provocation and/or physical gestures from R.E., DEPUTY DAVID BOWERS physically pushed R.E. towards his bunk and shocked him repeatedly with a Taser.

26. R.E. was tased multiple times to multiple locations on his person, including, but not limited to, his neck.

27. DEPUTY DAVID BOWERS shouted at B.B. to lie down in his bunk and physically forced him to lie down.

28. Without any physical provocation and/or physical gestures from B.B., DEPUTY DAVID BOWERS held B.B. down in his bed and shocked him repeatedly with a Taser.

29. While he was tasing B.B., DEPUTY DAVID BOWERS threatened to sodomize B.B.

30. As a result of this repeated and excessive tasing, B.B. urinated and defecated himself.

4

31. DEPUTY DAVID BOWERS was aware that B.B. urinated himself after the tasing.

32. Shortly thereafter, DEPUTY DAVID BOWERS and DEPUTY LONNIE LAWLER shouted at Z.P. to sit on the couches in the common room.

33. Z.P. sat on the couches.

34. Without any physical provocation and/or threatening physical gestures from Z.P., DEPUTY DAVID BOWERS ordered DEPUTY LONNIE LAWLER to handcuff Z.P.

35. While DEPUTY LONNIE LAWLER was placing the handcuffs on Z.P., DEPUTY DAVID BOWERS began to shock him repeatedly with the taser.

36. Z.P. was tased multiple times to multiple locations on his person.

37. As Z.P. was being repeatedly tased, MEGAN GEISLER pleaded with DEPUTY DAVID BOWERS and DEPUTY LONNIE LAWLER to stop.

38. DEPUTY DAVID BOWERS ordered DEPUTY LONNIE LAWLER to handcuff MEGAN GEISLER.

39. Once in handcuffs, DEPUTY DAVID BOWERS approached MEGAN GEISLER with his taser withdrawn as if to use it on her.

40. DEPUTY DAVID BOWERS grabbed MEGAN GEISLER by her arms, lifted her off her feet, and carried her through the male dormitory to a nearby closet.

41. On the way to the closet, DEPUTY DAVID BOWERS lifted MEGAN GEISLER off the ground, pressed her against a wall and choked her.

42. While choking her, DEPUTY DAVID BOWERS said "do you want to live or die bitch" to MEGAN GEISLER.

43. MEGAN GEISLER was then thrown into a closet. At this time she began vomiting and heaving.

44. Upon information and belief, the acts herein alleged above were committed either on the instruction of the JEFFERSON COUNTY SHERIFF ROGER MULCH or with the knowledge and consent of JEFFERSON COUNTY SHERIFF ROGER MULCH, with the deliberate indifference of JEFFERSON COUNTY SHERIFF ROGER MULCH and/or were thereafter approved and ratified by JEFFERSON COUNTY SHERIFF ROGER MULCH.

45. Upon information and belief, at all times pertinent, COUNTY OF JEFFERSON, ILLINOIS, JEFFERSON COUNTY SHERIFF'S DEPARTMENT, and JEFFERSON COUNTY SHERIFF ROGER MULCH, knowingly or with deliberate indifference, permitted and tolerated a pattern and practice of unreasonable use of force by its deputies.

46. Upon information and belief, COUNTY OF JEFFERSON, ILLINOIS, JEFFERSON COUNTY SHERIFF'S DEPARTMENT, and JEFFERSON COUNTY SHERIFF ROGER MULCH have maintained a system of review of police conduct so untimely and cursory as to be ineffective and to permit and tolerate the unreasonable and excessive use of force by police officers.

47. The acts, omissions, systemic flaws, policies, and customs of COUNTY OF JEFFERSON, ILLINOIS, JEFFERSON COUNTY SHERIFF'S DEPARTMENT, and JEFFERSON COUNTY SHERIFF ROGER MULCH caused deputies to believe that the excessive and unreasonable use of force would not be aggressively, honestly, and properly investigated, with the foreseeable result that deputies are more likely to use excessive or unreasonable force against Plaintiffs and others in the future.

## COUNT I: 42 U.S.C. § 1983 Excessive Force Claim

**Defendants DEPUTY DAVID BOWERS and DEPUTY LONNIE LAWLER, in their Individual Capacities**

48. Plaintiff re-alleges all prior allegations.

49. Defendants DEPUTY DAVID BOWERS and DEPUTY LONNIE LAWLER, acting under color of state law, deprived plaintiff of rights, privileges, and immunities secured by the Constitution and laws of the United States, including (but not limited to) those secured by the Fourth and Fourteenth Amendments to the Constitution, by, among other things, subjecting Plaintiffs to unlawful and excessive force.

50. In carrying out the foregoing wrongful acts, Defendants DEPUTY DAVID BOWERS and DEPUTY LONNIE LAWLER, acted with willful and wanton disregard for the constitutional rights of Plaintiffs, thus justifying the award of punitive damages against those defendants.

51. As a proximate cause of the foregoing wrongful acts of defendants, plaintiff sustained physical and emotional injuries and other damages, all in violation of 42 U.S.C. § 1983.

WHEREFORE, pursuant to 42 U.S.C. § 1983 and § 1988, Plaintiff demands judgment and compensatory damages against DEPUTY DAVID BOWERS and DEPUTY LONNIE LAWLER, and because each acted maliciously, wantonly or oppressively, substantial punitive damages, plus costs of this action, plus attorneys' fees and any other additional relief as this Court deems equitable and just.


## COUNT II: Failure to Prevent the Use of Excessive Force/Failure to Intervene

### Defendants DEPUTY DAVID BOWERS and DEPUTY LONNIE LAWLER, in their Individual Capacities

52. Plaintiff re-alleges all prior allegations.

53. The actions of Defendants DEPUTY DAVID BOWERS and DEPUTY LONNIE LAWLER in physically/mentally abusing and otherwise using unjustifiable force against Plaintiffs, and in failing to intervene to prevent each others unreasonable and unjustifiable excessive force, despite a duty and reasonable opportunity to do so, violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and thus violated 42 U.S.C. § 1983.

54. As a result of all of the aforementioned actions by DEPUTY DAVID BOWERS and DEPUTY LONNIE LAWLER, Plaintiffs suffered loss of freedom and liberty, bodily injury, pain and suffering, psychological damage, emotional distress, and other damage and/or expense.

55. In carrying out the foregoing wrongful acts, Defendants DEPUTY DAVID BOWERS and DEPUTY LONNIE LAWLER, acted with willful and wanton disregard for the constitutional rights of Plaintiffs, thus justifying the award of punitive damages against those defendants.

WHEREFORE, pursuant to 42 U.S.C. § 1983 and § 1988, Plaintiff demands judgment and compensatory damages against DEPUTY DAVID BOWERS and DEPUTY LONNIE LAWLER, and because each acted maliciously, wantonly or oppressively, substantial punitive damages, plus costs of this action, plus attorneys' fees and any other additional relief as this Court deems equitable and just.

## COUNT III: 42 U.S.C § 1983

### JEFFERSON COUNTY SHERIFF ROGER MULCH, in his Individual Capacity

56. Plaintiff re-alleges all prior allegations.

57. It was the policy and practice of JEFFERSON COUNTY SHERIFF ROGER MULCH to employ certain police deputies, including Defendants DEPUTY DAVID BOWERS and DEPUTY LONNIE LAWLER.

58. It was the policy and practice of JEFFERSON COUNTY SHERIFF ROGER MULCH to authorize certain deputies, including Defendants DEPUTY DAVID BOWERS and DEPUTY LONNIE LAWLER to cover up the use of excessive force despite the lack of probable cause to arrest. This policy and practice of JEFFERSON COUNTY SHERIFF ROGER MULCH encouraged and caused constitutional violations by deputies, including the violation of Plaintiffs' constitutional rights by Defendants DEPUTY DAVID BOWERS and DEPUTY LONNIE LAWLER.

59. Defendant JEFFERSON COUNTY SHERIFF ROGER MULCH knowingly or with deliberate indifference failed to adequately train, direct, supervise, or control Defendant Deputies so as to prevent the violation of Plaintiffs' constitutional rights.

60. It was the policy and practice of JEFFERSON COUNTY SHERIFF ROGER MULCH to knowingly or with deliberate indifference, authorize and permit the use of unreasonable excessive force, including, but not limited to, excessive use of tasing.

61. Based on information and belief, JEFFERSON COUNTY SHERIFF ROGER MULCH had a policy expressly authorizing the use of excessive force (including tasing) in unreasonable and/or unneeded situations.

62. This policy improperly authorized the use of more than the amount of force that would be reasonably necessary in the circumstances at hand, and allowed the use of such excessive force when no ordinarily prudent officer would do so in such situations.

63. At all pertinent times, JEFFERSON COUNTY SHERIFF ROGER MULCH and other unknown supervisors who supervised the deputies who unlawfully violated Plaintiffs' rights encouraged and tolerated the unconstitutional policies and practices.

64. Defendant JEFFERSON COUNTY SHERIFF ROGER MULCH was acting within the scope of his employment and pursuant to the policies and practices of JEFFERSON COUNTY SHERIFF'S DEPARTMENT. Defendant JEFFERSON COUNTY SHERIFF ROGER MULCH is therefore liable for his own violation of Plaintiffs' constitutional rights and the violation of Plaintiffs' constitutional rights by Defendants DEPUTY DAVID BOWERS and DEPUTY LONNIE LAWLER.

65. In carrying out the foregoing wrongful acts, Defendant JEFFERSON COUNTY SHERIFF ROGER MULCH, acted with willful and wanton disregard for the constitutional rights of Plaintiffs, thus justifying the award of punitive damages.

66. As a result of all of the aforementioned actions by Defendant JEFFERSON COUNTY SHERIFF ROGER MULCH, Plaintiffs suffered loss of freedom and liberty, bodily injury, pain and suffering, psychological damage, emotional distress, and other damage and/or expense.

WHEREFORE, pursuant to 42 U.S.C. § 1983 and § 1988, Plaintiff demands judgment and compensatory damages against JEFFERSON COUNTY SHERIFF ROGER MULCH, and because he acted maliciously, wantonly or oppressively, substantial punitive damages, plus costs of this action, plus attorneys' fees and any other additional relief as this Court deems equitable and just.

## COUNT IV: 42 U.S.C § 1983 *Monell* Claims

### COUNTY OF JEFFERSON, ILLINOIS, JEFFERSON COUNTY SHERIFF'S DEPARTMENT

67. Plaintiff re-alleges all prior allegations.

68. It was the policy and practice of COUNTY OF JEFFERSON, ILLINOIS and JEFFERSON COUNTY SHERIFF'S DEPARTMENT, to employ certain police deputies, including Defendants DEPUTY DAVID BOWERS and DEPUTY LONNIE LAWLER.

69. It was the policy and practice of COUNTY OF JEFFERSON, ILLINOIS and JEFFERSON COUNTY SHERIFF'S DEPARTMENT, to authorize certain deputies, including Defendants DEPUTY DAVID BOWERS and DEPUTY LONNIE LAWLER to cover up the use of excessive force despite the lack of probable cause to arrest. This policy and practice of COUNTY OF JEFFERSON, ILLINOIS and JEFFERSON COUNTY SHERIFF'S DEPARTMENT, encouraged and caused constitutional violations by deputies, including the violation of Plaintiffs' constitutional rights by Defendants DEPUTY DAVID BOWERS and DEPUTY LONNIE LAWLER.

70. Defendants COUNTY OF JEFFERSON, ILLINOIS and JEFFERSON COUNTY SHERIFF'S DEPARTMENT, knowingly or with deliberate indifference, failed adequately to train, direct, supervise, or control Defendant Deputies so as to prevent the violation of Plaintiffs' constitutional rights.

71. COUNTY OF JEFFERSON, ILLINOIS and JEFFERSON COUNTY SHERIFF'S DEPARTMENT had a policy expressly authorizing the use of excessive force (including tasing) in unreasonable and/or unneeded situations.

72. COUNTY OF JEFFERSON, ILLINOIS and JEFFERSON COUNTY SHERIFF'S DEPARTMENT policy justified the use of a Taser (when verbal commands have failed to gain voluntary compliance) under normal circumstances in order to gain control of subjects.

73. This policy improperly authorized the use of more than the amount of force that would be reasonably necessary in the circumstances at hand, and allowed the use of such excessive force when no ordinarily prudent officer would do so in such situations.

74. At all relevant times described herein, JEFFERSON COUNTY SHERIFF ROGER MULCH had final policymaking authority for COUNTY OF JEFFERSON, ILLINOIS, and/or JEFFERSON COUNTY SHERIFF'S DEPARTMENT.

    a.  It was the policy and practice of JEFFERSON COUNTY SHERIFF ROGER MULCH to authorize certain deputies, including Defendants DEPUTY DAVID BOWERS and DEPUTY LONNIE LAWLER to cover up the use of excessive force despite the lack of probable cause to arrest or any actual violation justifying the issuance of a ticket. This policy and practice of JEFFERSON COUNTY SHERIFF ROGER MULCH encouraged and caused constitutional violations by deputies, including the violation of Plaintiffs' constitutional rights by Defendants DEPUTY DAVID BOWERS and DEPUTY LONNIE LAWLER.

b.  Defendant JEFFERSON COUNTY SHERIFF ROGER MULCH failed to adequately train, direct, supervise, or control Defendant Deputies so as to prevent the violation of Plaintiffs' constitutional rights.

c.  It was the policy and practice of JEFFERSON COUNTY SHERIFF ROGER MULCH to authorize and permit the use of unreasonable excessive force, including, but not limited to, excessive use of tasing.

d.  Based on information and belief, JEFFERSON COUNTY SHERIFF ROGER MULCH had a policy expressly authorizing the use of excessive force (including tasing) in unreasonable and/or unneeded situations.

e.  As a result of all of the aforementioned actions by policymaker and Defendant JEFFERSON COUNTY SHERIFF ROGER MULCH, Plaintiffs suffered loss of freedom and liberty, bodily injury, pain and suffering, psychological damage, emotional distress, and other damage and/or expense.

75. COUNTY OF JEFFERSON, ILLINOIS and JEFFERSON COUNTY SHERIFF'S DEPARTMENT are liable under § 1983 because COUNTY SHERIFF ROGER MULCH (who had final policymaking authority for COUNTY OF JEFFERSON, ILLINOIS and/or JEFFERSON COUNTY SHERIFF'S DEPARTMENT) caused (either wholly or in part) the constitutional violations described herein.

76. Defendants DEPUTY DAVID BOWERS and DEPUTY LONNIE LAWLER were acting within the scope of their employment and pursuant to the policies and practices of COUNTY OF JEFFERSON, ILLINOIS and JEFFERSON COUNTY SHERIFF'S DEPARTMENT. These policies and practices were enforced by COUNTY OF JEFFERSON, ILLINOIS, Defendant JEFFERSON COUNTY SHERIFF'S DEPARTMENT, and COUNTY SHERIFF ROGER MULCH and were the moving force,

proximate cause, or affirmative link behind the conduct causing the Plaintiffs' injuries. COUNTY OF JEFFERSON, ILLINOIS and JEFFERSON COUNTY SHERIFF'S DEPARTMENT are therefore liable for the violation of Plaintiffs' constitutional rights by Defendants DEPUTY DAVID BOWERS and DEPUTY LONNIE LAWLER.

WHEREFORE, pursuant to 42 U.S.C. § 1983 and § 1988, Plaintiff demands judgment and compensatory damages against COUNTY OF JEFFERSON, ILLINOIS and JEFFERSON COUNTY SHERIFF'S DEPARTMENT, plus attorneys' fees and any other additional relief as this Court deems equitable and just.

### COUNT V: State Law ASSAULT AND BATTERY

### DEPUTY DAVID BOWERS and DEPUTY LONNIE LAWLER

77. Plaintiff re-alleges all prior allegations.

78. The beatings and/or tasings, verbal abuse, and use of non-deadly force by Defendants DEPUTY DAVID BOWERS and DEPUTY LONNIE LAWLER when Defendants had no lawful authority to arrest Plaintiffs, when Plaintiffs were unarmed and did not pose a threat of death or grievous bodily injury, or bodily injury, to defendants or others, was without justification or provocation, was excessive, and constitutes assault and battery for which Defendants DEPUTY DAVID BOWERS and DEPUTY LONNIE LAWLER are individually liable.

79. As a proximate result of the assault and battery committed by Defendants DEPUTY DAVID BOWERS and DEPUTY LONNIE LAWLER, Plaintiffs have sustained permanent injuries and and other expenses. These injuries have caused and will continue to cause plaintiff great pain and suffering, both mental and physical.

80. The beatings and/or tasings, verbal abuse, and use of non-deadly force by Defendants DEPUTY DAVID BOWERS and DEPUTY LONNIE LAWLER, when Plaintiffs were unarmed and did not pose a threat of death or grievous bodily injury, or bodily injury, to defendants or others, when Defendants did not have lawful authority to arrest Plaintiffs or to use deadly or non-deadly force against Plaintiffs, was done with actual malice toward Plaintiffs and with willful and wanton indifference to and deliberate disregard for human life and the rights of Plaintiffs. Plaintiffs are thus entitled to exemplary damages.

WHEREFORE, Plaintiff demands judgment and compensatory damages against DEPUTY DAVID BOWERS and DEPUTY LONNIE LAWLER, and because they acted maliciously, wantonly or oppressively, substantial punitive damages, plus costs of this action, plus attorneys' fees and any other additional relief as this Court deems equitable and just.

## COUNTY VI:  State Law INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### DEPUTY DAVID BOWERS and DEPUTY LONNIE LAWLER

81. Plaintiff re-alleges all prior allegations.

82. Defendants DEPUTY DAVID BOWERS and DEPUTY LONNIE LAWLER intentionally beat and/or tased and verbally abused Plaintiff in a manner that was extreme, outrageous, and unjustified, and caused Plaintiff to suffer physical and emotional distress for which Defendants DEPUTY DAVID BOWERS and DEPUTY LONNIE LAWLER are individually liable.

83. The intentional beatings and/or tasings and verbal abuse of Plaintiff by Defendants DEPUTY DAVID BOWERS and DEPUTY LONNIE LAWLER was unjustified and done with actual malice and wanton indifference to and deliberate disregard for human life and the rights of Plaintiffs. Plaintiffs are thus entitled to exemplary damages.

WHEREFORE, Plaintiff demands judgment and compensatory damages against DEPUTY DAVID BOWERS and DEPUTY LONNIE LAWLER, and because they acted maliciously, wantonly or oppressively, substantial punitive damages, plus costs of this action, plus attorneys' fees and any other additional relief as this Court deems equitable and just.

### COUNT VII: State Law RESPONDEAT SUPERIOR LIABILITY

**COUNTY OF JEFFERSON, ILLINOIS and JEFFERSON COUNTY SHERIFF'S DEPARTMENT**

84. Plaintiff re-alleges all prior allegations.

85. At all times pertinent here to, Defendants DEPUTY DAVID BOWERS and DEPUTY LONNIE LAWLER were acting within the scope of their employment as deputies of COUNTY OF JEFFERSON, ILLINOIS and/or JEFFERSON COUNTY SHERIFF'S DEPARTMENT.

86. COUNTY OF JEFFERSON, ILLINOIS, and/or JEFFERSON COUNTY SHERIFF'S DEPARTMENT are liable for compensatory damages under the doctrine of respondeat superior for the intentional torts of Defendants DEPUTY DAVID BOWERS and DEPUTY LONNIE LAWLER committed within the scope of their employment.

WHEREFORE, Plaintiff demands judgment and compensatory damages against COUNTY OF JEFFERSON, ILLINOIS and JEFFERSON COUNTY SHERIFF'S DEPARTMENT, plus costs of this action, plus attorneys' fees and any other additional relief as this Court deems equitable and just

### COUNT VIII: State Law NEGLIGENCE

**DEPUTY DAVID BOWERS and DEPUTY LONNIE LAWLER**

87. Plaintiff re-alleges all prior allegations.

88. Defendants DEPUTY DAVID BOWERS and DEPUTY LONNIE LAWLER, while acting as agents and employees for COUNTY OF JEFFERSON, ILLINOIS, and/or JEFFERSON COUNTY SHERIFF'S DEPARTMENT in their capacity as sheriff's deputies for COUNTY OF JEFFERSON, ILLINOIS, and/or JEFFERSON COUNTY SHERIFF'S DEPARTMENT, owed a duty to Plaintiffs to perform their duties without the use of excessive force.

89. Defendants' DEPUTY DAVID BOWERS and DEPUTY LONNIE LAWLER breached this duty.

90. Defendants' DEPUTY DAVID BOWERS and DEPUTY LONNIE LAWLER use of force upon Plaintiffs, when Plaintiffs were unarmed and did not pose a threat of death or grievous bodily injury, or bodily injury to Defendants or others constitutes negligence for which Defendants DEPUTY DAVID BOWERS and DEPUTY LONNIE LAWLER are individually liable.

91.  Defendants DEPUTY DAVID BOWERS and DEPUTY LONNIE LAWLER use of force upon Plaintiffs when Defendants had no lawful authority to arrest Plaintiffs or to use force against Plaintiffs constitutes negligence for which defendants are individually liable.

92. As a proximate result of Defendants' DEPUTY DAVID BOWERS and DEPUTY LONNIE LAWLER negligent use of excessive force, Plaintiffs have sustained injuries and incurred other expenses. These injuries have caused and will continue to cause Plaintiffs pain and suffering, both mental and physical.

93. The negligent beatings and/or tasings of Plaintiffs by Defendants DEPUTY DAVID BOWERS and DEPUTY LONNIE LAWLER when Plaintiffs were unarmed and did not pose a threat of death or grievous bodily injury, or bodily injury, to Defendants or others, and when Defendants had no lawful authority to arrest Plaintiffs or to use excessive force against Plaintiffs, was done with willful and

wanton indifference to and deliberate disregard for human life and the rights of Plaintiffs. Plaintiffs are thus entitled to exemplary damages.

WHEREFORE, Plaintiff demands judgment and compensatory damages against DEPUTY DAVID BOWERS and DEPUTY LONNIE LAWLER, and because they acted maliciously, wantonly or oppressively, substantial punitive damages, plus costs of this action, plus attorneys' fees and any other additional relief as this Court deems equitable and just.

## COUNT IX:  State Law NEGLIGENCE

### COUNTY OF JEFFERSON, ILLINOIS and JEFFERSON COUNTY SHERIFF'S DEPARTMENT

94. Plaintiff re-alleges all prior allegations.

95. At all times pertinent here to, Defendants DEPUTY DAVID BOWERS and DEPUTY LONNIE LAWLER were acting within the scope of their employment as deputies of COUNTY OF JEFFERSON, ILLINOIS and/or JEFFERSON COUNTY SHERIFF'S DEPARTMENT.

96. COUNTY OF JEFFERSON, ILLINOIS, and JEFFERSON COUNTY SHERIFF'S DEPARTMENT, are liable for compensatory damages under the doctrine of respondeat superior for the negligence of Defendants DEPUTY DAVID BOWERS and DEPUTY LONNIE LAWLER committed within the scope of their employment.

WHEREFORE, Plaintiff demands judgment and compensatory damages against COUNTY OF JEFFERSON, ILLINOIS, and JEFFERSON COUNTY SHERIFF'S DEPARTMENT, plus costs of this action, plus attorneys' fees and any other additional relief as this Court deems equitable and just.

## COUNT X:  State Law NEGLIGENCE

### COUNTY OF JEFFERSON, ILLINOIS, JEFFERSON COUNTY SHERIFF'S DEPARTMENT, and JEFFERSON COUNTY SHERIFF ROGER MULCH

97. Plaintiff re-alleges all prior allegations.

98. COUNTY OF JEFFERSON, ILLINOIS, JEFFERSON COUNTY SHERIFF'S DEPARTMENT, and JEFFERSON COUNTY SHERIFF ROGER MULCH owed a duty to Plaintiffs to train and supervise and otherwise control its deputies in the use of force and other matters incidental to the exercise of deputy functions.  Further, these defendants owed a duty to not employ policies and/or procedures which authorized the unreasonable use of excessive force.

99. COUNTY OF JEFFERSON, ILLINOIS, JEFFERSON COUNTY SHERIFF'S DEPARTMENT, and JEFFERSON COUNTY SHERIFF ROGER MULCH breached these duties.

100.     COUNTY OF JEFFERSON, ILLINOIS, JEFFERSON COUNTY SHERIFF'S DEPARTMENT, and JEFFERSON COUNTY SHERIFF ROGER MULCH failed to provide adequate training, supervision, and control of Defendants DEPUTY DAVID BOWERS and DEPUTY LONNIE LAWLER, which failure constitutes negligence.

101.     COUNTY OF JEFFERSON, ILLINOIS, JEFFERSON COUNTY SHERIFF'S DEPARTMENT, and JEFFERSON COUNTY SHERIFF ROGER MULCH employed policies and/or procedures which authorized the unreasonable use of excessive force, which constitutes negligence.

102.     As a proximate result of COUNTY OF JEFFERSON, ILLINOIS, JEFFERSON COUNTY SHERIFF'S DEPARTMENT, and JEFFERSON COUNTY SHERIFF ROGER MULCH's employment of policies and/or procedures which authorized the unreasonable use of excessive force, Plaintiffs have sustained injuries and plaintiff has incurred and will continue to incur expenses. These injuries have caused and will continue to cause Plaintiffs pain and suffering, both mental and physical.

103.     As a proximate result of COUNTY OF JEFFERSON, ILLINOIS, JEFFERSON COUNTY SHERIFF'S DEPARTMENT, and JEFFERSON COUNTY SHERIFF ROGER MULCH's

negligent failure to provide adequate training, supervision, and control of Defendants DEPUTY DAVID BOWERS and DEPUTY LONNIE LAWLER, Plaintiffs have sustained injuries and plaintiff has incurred and will continue to incur expenses. These injuries have caused and will continue to cause Plaintiffs pain and suffering, both mental and physical.

104.      COUNTY OF JEFFERSON, ILLINOIS and JEFFERSON COUNTY SHERIFF'S DEPARTMENT failure to provide adequate training and supervision to its deputies (and other wrongful acts described above) constitutes a willful and wanton indifference and deliberate disregard for human life and the rights of private citizens, including Plaintiffs.

105.      JEFFERSON COUNTY SHERIFF ROGER MULCH's failure to provide adequate training and supervision to its deputies (and other wrongful acts described above) constitutes a willful and wanton indifference and deliberate disregard for human life and the rights of private citizens, including Plaintiffs. Plaintiffs are thus entitled to exemplary damages against this Defendant.

WHEREFORE, Plaintiff demands judgment and compensatory damages against COUNTY OF JEFFERSON, ILLINOIS, and JEFFERSON COUNTY SHERIFF'S DEPARTMENT, plus costs of this action, plus attorneys' fees and any other additional relief as this Court deems equitable and just.  Further, as JEFFERSON COUNTY SHERIFF ROGER MULCH acted maliciously, wantonly or oppressively, Plaintiff is entitled to recover substantial punitive damages, plus costs of this action, plus attorneys' fees and any other additional relief as this Court deems equitable and just from him.

**COUNT XI: 745 ILCS 10/9-102 (Indemnification)**

**COUNTY OF JEFFERSON, ILLINOIS**

106.      Plaintiff re-alleges all prior allegations.

107.     COUNTY OF JEFFERSON, ILLINOIS, was at all relevant times the employer of the individual defendants, Defendants DEPUTY DAVID BOWERS, DEPUTY LONNIE LAWLER, and JEFFERSON COUNTY SHERIFF ROGER MULCH.

108.     Defendants DEPUTY DAVID BOWERS, DEPUTY LONNIE LAWLER, and JEFFERSON COUNTY SHERIFF ROGER MULCH committed the acts alleged above under color of law and in the scope of their employment of COUNTY OF JEFFERSON, ILLINOIS.

WHEREFORE, should any of the above captioned individual Defendants be found liable on one or more of the claims set forth in this Complaint, Plaintiffs demand that Defendant COUNTY OF JEFFERSON, ILLINOIS be found liable for any judgment (other than punitive damages) they obtain thereon.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury.

Dated: July 1, 2009

Respectfully Submitted,

GLOOR LAW GROUP, LLC.

By:_____/s/ Nicholas Caputo_____
    Attorneys for Plaintiff

Philip J. Fowler
Nicholas Caputo
Daniel P. Jackson
GLOOR LAW GROUP, LLC
225 W. Wacker Drive
Suite 1700

Chicago, IL  60606
312/752-3700
312/752-3701 – Fax

6845109